

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

UNITED STATES OF AMERICA

V.                                               INDICTMENT NO. 7:25-CR-022-KKC

JIMMY D. CORNETT

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

### COUNT 1
### 21 U.S.C. § 841(a)(1)
### 18 U.S.C. § 2

On or about May 8, 2025, in Martin County, in the Eastern District of Kentucky,

**JIMMY D. CORNETT,**

aided and abetted by another, did knowingly and intentionally distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

### COUNT 2
### 21 U.S.C. § 841(a)(1)
### 18 U.S.C. § 2

On or about May 9, 2025, in Martin County, in the Eastern District of Kentucky,

**JIMMY D. CORNETT,**

aided and abetted by another, did knowingly and intentionally distribute a mixture or

substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 3
## 18 U.S.C. § 922(g)(1)

On or about May 9, 2025, in Martin County, in the Eastern District of Kentucky,

**JIMMY D. CORNETT,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit: a Remington, Model 870 Express Magnum, 12-gauge pump-action shotgun with serial number C310132M, and the firearm was in and affecting commerce, all in violation of 18 U.S.C. § 922(g)(1).

## FORFEITURE ALLEGATIONS
## 21 U.S.C. § 853
## 18 U.S.C. § 924(d)(1)
## 28 U.S.C. § 2461

1.  By virtue of the commission of the felony offenses alleged in Counts 1 and 2 of the Indictment, **JIMMY D. CORNETT** shall forfeit to the United States any and all property used, or intending to be used, to commit and/or to facilitate the commission of the violations of 21 U.S.C. § 841 and any and all property constituting proceeds obtained directly or indirectly as a result of the commission of the violations of 21 U.S.C. § 841. Any and all interest that **JIMMY D. CORNETT** has in this property is vested in and forfeited to the United States pursuant to 21 U.S.C. § 853.

2.  By virtue of the commission of the offenses alleged in Count 3 of the Indictment, **JIMMY D. CORNETT** shall forfeit to the United States any and all firearms and ammunition involved in or used, or intending to be used, in the violation(s) of 18

U.S.C. §§ 922. Any and all interest that **JIMMY D. CORNETT** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

3. The property to be forfeited includes, but is not limited to, the following which were firearm seized from Jimmy D. Cornett on or about March 9, 2025:

### FIREARMS:

a. Remington, Model 870 Express Magnum, 12-gauge pump-action shotgun with serial number C310132M; and
b. All associated ammunition and accessories.

4. If any of the property listed above, as a result of any act or omission of the Defendant(s), (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

# PENALTIES

## COUNTS 1-2:

Not more than 20 years imprisonment, not more than a $1,000,000 fine, and at least 3 years supervised release.

> **If Prior Felony Drug Offense:** Not more than 30 years imprisonment, not more than a $2,000,000 fine, and at least 6 years supervised release.

## COUNT 3:

Not more than 15 years imprisonment, not more than a $250,000 fine, and not more than 3 years supervised release.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Forfeiture of listed items.